UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1939

VICENTE MORENO; SARA ANGELA ARIAS-CHAVEZ; J.D.M.,

Petitioners,

v.

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 25, 2008                Decided:  July 17, 2008

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Paul O'Dwyer, New York, New York, for Petitioners.  Jeffrey S. Bucholtz, Acting Assistant Attorney General, M. Jocelyn Lopez-Wright, Assistant Director, Yamileth G. HandUber, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vicente Moreno ("Moreno"), his wife, Sara Angela Arias-Chavez, and their minor son, J.D.M., (collectively "Petitioners"), natives and citizens of Colombia, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture. Moreno is the primary applicant for asylum; the claims of his wife and son are derivative of his application. See 8 U.S.C.A. § 1158(b)(3) (West 2005); 8 C.F.R. § 1208.21(a) (2008).

In their petition for review, the Petitioners first challenge the determination that they failed to establish their eligibility for asylum. The Board and immigration judge denied the request for asylum on the ground that Moreno failed to establish by clear and convincing evidence that he filed his asylum application within one year of his arrival in the United States, and we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000), even in light of the passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of the Petitioners' asylum claims.

The Petitioners also contend that the immigration judge erred in denying their request for withholding of removal. "To

- 2 -

qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)); see 8 C.F.R. § 1251(b)(3) (2008). Based on our review of the record, we find that the Petitioners failed to make the requisite showing before the immigration court. We therefore uphold the denial of their request for withholding of removal.

Finally, we find that substantial evidence supports the Board's finding that the Petitioners failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2008). Additionally, the petitioner must show that he or she will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2008); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). We find that the Petitioners failed to make the requisite showing before the Board.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED